PROB 12A
(12/98)
MOSELY, Bryan
1:01CR00033

# United States District Court

for

## Southern District of Ohio

### Report on Offender Under Supervision



2007 OCT -2 PM 12:48

U.S. [illegible] COURT
SOUTHERN D[illegible] OHIO
WEST DIV CINCINNATI

| | |
|---|---|
| Name of Offender: **Bryan Raymond Mosely** | Case Number: **1:01CR00033** |
| Name of Sentencing Judicial Officer: | **The Honorable Sandra S. Beckwith, Chief United States District Judge** |
| Date of Original Sentence: | **September 19, 2001** |
| Original Offense: | **Bank Fraud, in violation of 18 U.S.C. § 1344, a class B felony.** |
| Original Sentence: | **12 months prison, 60 months supervised release. On July 7, 2006, Supervised release was revoked, and the defendant was sentenced to 11 months confinement followed by a four year term of supervised release.** |
| Type of Supervision: **Term Of Supervised Release** | Date Supervision Commenced: **March 9, 2007** |

## NON-COMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| #1 | **New Law Violation: "While on supervised release, you shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance."** |
| | Between July 14, 2007 and August 8, 2007, Mosely fraudulently presented, or caused to be presented, two checks, each in the amount of $31,108.11, to 32 Ford Mercury in Batavia, Ohio for the purchase of a 2007 Ford Explorer automobile. Each check was eventually dishonored due to insufficient funds. The conduct is consistent with two counts of Passing Bad Checks (felonies). |
| #2 | **Special Condition: "The defendant shall pay any unpaid balance of his restitution obligation."** |
| | The offender entered into a payment agreement, which was approved by the Court on July 10, 2007, in which he agreed to pay $50 per month toward his court-ordered financial obligations commencing August 3, 2007. The offender has not made a payment as of this report. |

U.S. Probation Officer Action:

On August 22, 2007, this officer submitted a report to the Court reporting potential new fraudulent conduct by the offender. At that time, no action was recommended pending further investigation. This officer is now writing the Court with the results of that investigation. Further action is not being recommended at this time.

Mosely was originally released from imprisonment on May 24, 2002 and commenced his term of supervision with the United States Probation Office in Cincinnati, Ohio. On August 1, 2005, this officer notified the Court that it was believed the offender fraudulently obtained three Lexus automobiles with a total value of $189,000 and that he had traveled to Covington, Kentucky in May 2005 without permission. The Court adopted this officer's recommendation of no action ending further investigation.

On January 10, 2006, this officer submitted a second report to the Court indicating the automobiles had been returned to the dealership and the local prosecutor had declined prosecution because the vehicles were returned with minimal financial loss. This officer informed the Court that the offender attempted to purchase a $700,030 home and a $118,000 boat in Tennessee in July 2005. The sales did not go through and no charges were filed. On February 7, 2006, the grand jury for the Highland County, Ohio Court of Common Pleas returned a two count indictment charging the offender with Theft by Deception (fourth degree felony) and Forgery (fourth degree felony) in case number 06CR056. It is alleged that on June 7, 2005, the offender fraudulently uttered a check in the amount of $23,169.50. That case is currently pending.

The Court modified Mosely's supervision on January 18, 2006 and ordered him to complete 90 days in a halfway house facility. He entered the Talbert House in Cincinnati, Ohio, but was unsuccessfully terminated on March 28, 2006 because he went to visit a girlfriend when he had signed out for work. As a result, on July 7, 2006, the Court revoked Mosely's supervision and he was sentenced to 11 months imprisonment with four years supervised release to follow. As a special condition of supervision, Mosely was ordered to serve the first four months in a Residential Re-entry Center and pay the remaining balance of his restitution.

Mosely was released from the Bureau of Prisons on March 9, 2007 and began the new term of supervised release. He entered the Talbert House in Cincinnati, Ohio on March 14, 2007 and successfully completed the program on July 11, 2007. While at the Talbert House, he secured full-time employment with Gregory Lester Tree Service. Upon his release, Mosely provided this officer with what he claimed was the address of his new apartment in Cincinnati, Ohio. This officer attempted to locate Mosely's residence on August 9, 2007 and determined the address did not exist. Meanwhile, the offender advised this officer he had not actually moved into the apartment due to lack of funds. He stated he was living with a friend, Eric Randall, in a mobile home community near Loveland, Ohio. Mosely worked with Randall at Gregory Lester Tree Service.

However, this officer contacted a resident at the address Mosely provided, and he was informed Mosely has never lived there. A male who identified himself as Eric Randall spoke with this officer by phone later that night and stated Mosely had provided the wrong lot number to this officer by mistake. This officer contacted the offender by phone and directed him to report to the US Probation Office on August 10, 2007 with a complete and accurate written list of his addresses and employment information. Mosely left a voice mail message on August 10, 2007 stating he could not report due to a court hearing in Highland County, Ohio. Also on August 10, 2007, this officer received a telephone call from a woman who identified herself as the manager of Mosely's apartment building. She stated Mosely asked her to call and provide his correct address. She provided this officer with the address of his current apartment, which has been verified.

During July and August 2007, this officer received multiple telephone calls from the offender's employer, Gregory Lester. He was concerned Mosely was being dishonest with him. Lester stated that Mosely had put over 8,000 miles on a company truck with very little work to show for the milage. He also stated jobs Mosely claimed he had finished were not actually finished. Finally, Mosely and Eric Randall allegedly took a company truck and other equipment out on July 27, 2007 after being specifically told no work was to be done that day because the company was closed. Mosely quit his employment with Lester in the beginning of August 2007

PROB 12A  
(12/98)  
MOSELY, Bryan  
1:01CR00033

3

after Lester confronted him about the above irregularities. After leaving Lester's employment, Mosely advised this officer he was working for a roofing company, but Mosely has not presented contact information for verification. He currently claims he is working for Eric Randall at AEB Landscaping. Randall reportedly is the owner of AEB Landscaping.

On August 10, 2007, this officer received information that Mosely may have fraudulently obtained a 2007 Ford Explorer from 32 Ford Mercury in Batavia, Ohio. According to the company, Mosely came to the dealership on July 14, 2007 and entered a contract to purchase the vehicle in the amount of $31,108.11. Mosely claimed he was the owner of MBR Construction, LLC, and he gave the address of his parents home in Hillsboro, Ohio as the business location. It is noted that this property was vacant and for sale at the time.

Mosely presented a check for the full amount of the purchase which was signed by and drawn on the account of an individual who claimed to be his girlfriend, Michelle Sill. Mosely stated he was a part owner of AEB Landscaping, and he intended to purchase multiple work vehicles for the company. He stated he wished to purchase the Explorer for Sill. Mosely was given possession of the vehicle and it was titled in his name. However, the check was returned for insufficient funds. Mosely presented another check in the same amount, but this one was issued in the name of AEB Landscaping and Tree Service and signed by Eric Randall. The address listed on the check for AEB Landscaping was that of the offender's parent's vacant home in Hillsboro, Ohio. The AEB check did not have sufficient funds, and it was returned to 32 Ford. The dealership contacted Mosely several times about payment, and he reportedly claimed money was being transferred from stock funds, a 401(K) fund, or his mother. Mosely returned the vehicle to the dealership by parking it in the lot after hours on August 8, 2007. The title has been transferred back into the name of 32 Ford. Mosely told the dealership a representative of his would return on August 13, 2007 at 10am to make payment in full. He also stated he and his "business partners" intended to purchase three more vehicles. However, neither Mosely nor a representative reported to the dealership as promised. Mosely put 2,800 miles on the vehicle between July 14, 2007 and August 8, 2007. The dealership estimates this has caused a depreciation of $10,000. They stated they will try to maximize their return to mitigate their losses. Legal counsel for the dealership informed this officer that they consider the transaction to be a civil matter at this time, and they are not currently pursuing criminal charges.

This officer contacted National City Bank regarding the checks presented to 32 Ford by Mosely. According to the bank, Mosely gave Eric Randall a $40,000 check issued in the name of ABS, II. The address of ABS, II was that of the offender's parent's home in Hillsboro, Ohio. On July 27, 2007 Randall opened an account in the name of AEB Landscaping using the $40,000 check. Again, the home of Mosely's parents was listed as the business address for AEB. Randall was told the funds would not be available for over a week pending verification of the check. However, a check in the amount of $10,000 was issued to Michelle Sill from that account the same day. The next day, July 28, 2007, Mosely presented the $31,108.11 AEB Landscaping check to 32 Ford which was drawn of the above National City Bank account. As noted, the account never had enough cash to cover the aforementioned checks. According to the bank branch manager, although Eric Randall was the account holder, Randall would hand his phone to Mosely to speak whenever the manager called Randall to discuss the account. The bank manager stated Mosely was the primary person she communicated with, and he appeared to speak on behalf of Randall. The Bank has indicated they do not intend to pursue criminal charges against Mosely or Randall due to the fact the bank did not suffer financial loss. The checks were not cashed, and the bank indicted the AEB Landscaping account opened by Randall will be closed.

On August 23, 2007, the offender reported to the US Probation Office where he met with this officer and Supervising USPO John Cole. The offender was confronted about his dealings with National City Bank and 32 Ford. The offender confirmed the above facts, but he claimed he expected the funds for the checks would be provided either by his mother (who he hoped would invest in AEB Landscaping), or by another unnamed investor secured by Randall. The offender stated he is employed by Randall as a laborer, but he also does sales work for him. Mosely stated he receives 10 percent of the profits from any job AEB completes that Mosely obtained via his sales efforts. Mosely indicated his statements "became a lie" as things progressed with 32 Ford. In a later telephone conversation with this officer, Mosely stated that he had "slipped" but he was now on the right path. He indicated he had met Michelle Sill at an AA meeting, and the $10,000 check

PROB 12A
(12/98)
MOSELY, Bryan
1:01CR00033

4

was issued to her to help pay her bills. He stated he has since paid her bills in cash. It is noted that this officer went to the address listed on the check Sill wrote to 32 Ford. A resident at the building stated the apartment was vacant, and had been so for over three months. The resident did not recognize the name Michelle Sill. The offender stated he is no longer involved with Sill.

This officer directed Mosely to provide the address and telephone number of Sill by August 24, 2007, along with a client list to verify his employment activities. Mosely failed to submit the information as requested. A number of days later, Mosely advised this officer that he was very busy at work, and would get the information to this officer within the next few days. Mosely submitted an incomplete list to this officer on September 5, 2007.

Also on August 23, 2007, Mosely signed a release for this officer to run a consumer credit report. Mosely advised he had gone to a dealership recently to buy a vehicle for himself to use for transportation to work and his other appointments. This officer reminded Mosely that his conditions of supervision prohibit him from obtaining credit without the permission of his probation officer. However, the credit check revealed that between August 23, 2007 and September 14, 2007, Mosely made 13 credit applications in an attempt to purchase a vehicle. When confronted, Mosely stated to this officer that he did not understand he was not allowed to apply for credit, and he was attempting to purchase an inexpensive vehicle for himself.

The offender entered into a payment agreement, which was approved by the Court on July 10, 2007, in which he agreed to pay $50 per month toward his court-ordered financial obligations commencing August 3, 2007. On July 23, 2007, Mosely told this officer he would submit a $25 payment on July 25, 2007, then $50 per month from that point forward. The offender has not made a payment as of this report.

At this time, neither National City Bank nor 32 Ford are pursuing criminal charges against Mosely. The Ford Explorer was returned to the dealership, and the company is attempting to cover the deprecation of the vehicle through civil means. On August 23, 2007, this officer met with Anthony Springer, Deputy Criminal Chief of the United States Attorney's Office, regarding the above allegations. Based upon the lack of loss and unwillingness of the potential victims to pursue criminal charges, AUSA Springer recommended this officer write a report to the Court detailing Mosely's conduct but recommending no action be taken at this time. Based upon the foregoing, this officer respectfully recommends the Court take no action against Mosely at this time. This officer will continue to pursue verification from Mosely regarding his employment, and Mosely will be required to start making monthly payments as required. Verification of Mosely's activities will be required, and the frequency of his reporting to this officer will be increased.

Respectfully submitted,                        Approved,

by  *[signature]*                              by  *[signature]*

Thomas Barbeau                                 John Cole
U. S. Probation Officer                        Supervising U. S. Probation Officer
Date:   **September 28, 2007**                 Date: 9-28-07

[✓] I concur with the recommendation of the Probation Officer
[ ] Submit a Request for Modifying the Condition or Term of Supervision
[ ] Submit a Request for Warrant or Summons

*[signature]*
Signature of Judicial Officer

10/2/07
Date